IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DEBORAH A. Z.,

        Plaintiff,

v.                                    Civil Action No.
                                       6:18-CV-0586 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP             HOWARD D. OLINSKY, ESQ.
300 S. State Street                MATTHEW R. McGARRY, ESQ.
Suite 420
Syracuse, New York 13202

FOR DEFENDANT

HON. GRANT C. JAQUITH         KATHRYN S. POLLACK, ESQ.
United States Attorney for the     Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

    Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on May 14, 2019, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that plaintiff was not

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this court's oral decision, which is attached hereto.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: May 17, 2019
Syracuse, NY

3

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
DEBORAH A. Z.,

                        Plaintiff,

vs.                                         6:18-CV-586

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------x

                  DECISION - May 14, 2019

     James Hanley Federal Building, Syracuse, New York

                 HONORABLE DAVID E. PEEBLES

         United States Magistrate-Judge, Presiding



              A P P E A R A N C E S  (by telephone)

For Plaintiff:      OLINSKY LAW GROUP
                    Attorneys at Law
                    300 South State Street
                    Syracuse, New York 13202
                      BY:  MATTHEW ROBERT MCGARRY, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY:  KATHRYN S. POLLACK, ESQ.
```

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1     THE COURT: Thank you both for excellent
2 presentations. I have before me an application for judicial
3 review of an adverse determination by the Acting Commissioner
4 pursuant to 42, United States Code, Sections 405(g) and
5 1383(c)(3). The background is as follows.
6     The plaintiff was born in May of 1979 and is almost
7 40 years -- she is 40 years old now. No, she'll be 40 years
8 old in a few days. She was almost 32 at the time of her
9 alleged disability onset in April of 2011. Plaintiff stands
10 5-foot 5-inches in height, weighs 138 pounds. That's at 695.
11 She indicates 140 pounds at page 51 of the Administrative
12 Transcript.
13     Plaintiff is right-handed. She attended high
14 school through tenth grade. That's at 696. The record is
15 equivocal as to whether she achieved a GED. At page 55
16 during the hearing she stated she did; at 409 she stated she
17 did not. It may have been because she secured the GED in the
18 intervening time period between those two events.
19     Plaintiff is single, lives with three sons who at
20 the time of the hearing in this matter were aged 11, 6 and 2.
21 She lives in an apartment in Utica, New York. Plaintiff can
22 read and write and perform simple math. She has a driver's
23 license but does not drive.
24     In terms of work history, plaintiff has worked as a
25 clerk in Walmart. At 712 it was indicated that she worked at

1   Walmart from March of 1996 to March of 1998.  At 696 she
2   stated she worked at Walmart from 1997 until 2004.  At 49 she
3   stated she worked there 1998 and 1999.  She was also a
4   medical secretary at a hospital from 1998 to 2004.  That's at
5   676 and 712 of the Administrative Transcript.  She was also a
6   unit coordinator of a hospital and a certified nurse's
7   assistant from March of 2007 to October of 2010, although at
8   696 it indicated that it went into 2011, also at 44 the same
9   indication.
10              Plaintiff has not worked since April 9, 2011, the
11  date that was testimony at the first hearing.  She has had
12  two Workers' Compensation claims; both have been settled.
13  One had to do with an accident in September 2011 when a
14  patient fell on the plaintiff causing her to experience lower
15  back pain.  At the second hearing it was indicated that she
16  is now working, that's at page 409, in a pizza shop doing
17  food preparation and some other chores ten hours per week.
18  That's at 419.
19              Plaintiff has had lower back issues.  In December
20  of 2010 she underwent a left microdiscectomy at L5-S1 by
21  Dr. Clifford Soults.  It was indicated that she obtained good
22  relief from that surgery, at 59 and 269.  The plaintiff
23  continued to experience, however, back pain and leg pain
24  resulting in a second surgery on March 11, 2013 by
25  Dr. Soults.  It was a right L5-S1 microdiscectomy, from which

1  she secured no relief, according to her hearing testimony at
2  page 60, as well as her reports to Dr. Soults at 355.  A
3  third discectomy has been discussed.  She is unsure whether
4  she wishes to undergo it and she has been advised against it.
5  　　　　　Plaintiff has had several magnetic resonance
6  imaging, or MRI, testings of her lumbar spine.  In March of
7  2015 the impression was:  Degenerative arthritic changes with
8  degenerative disc disease at L5-S1 similar to the prior.
9  Left-sided laminectomy.  Extradural soft tissue which
10 enhances somewhat more distinctly than the prior study
11 consistent with scar.  This was distributed at the operative
12 site as well as anterior to the thecal sac.  No evidence of
13 recurrent disc disease.  That's at page 1087 and 1088.
14 　　　　　In August of 2013 the impression from MRI testing
15 was:  Minor disc bulging at L3-L4, L4-L5 with minor
16 degenerative change.  There were other findings noted.
17 That's at page 1084 and 1085.
18 　　　　　In December of 2012 the results of MRI testing
19 were:  Worsening of the appearance at L5-S1 where a central
20 extruded disc compatible with recurrent disc is apparent
21 extending somewhat inferiorly relative to S1.  Mass effect
22 upon the anterior thecal sac.  Also small central disc
23 herniation L3-L4 appears unchanged.  And borderline narrow
24 spinal canal at L4-L5.  That's at page 275.
25 　　　　　The plaintiff has been on pain medications,

although noted some side effects. She has also undergone epidural cortisol injections and physical therapy. In terms of medication, she has been prescribed Nucynta, Neurontin, Percocet, Morphine Patch, Nortriptyline, Lortab and Gabapentin. Plaintiff also suffers from some depression but has not undergone any treatment or counseling, nor has she been prescribed medications, and stated she has no mental limitations. That's at 428. Plaintiff smokes six to ten cigarettes a day. That's at 1326.

In terms of activities of daily living, her mother and father help her with cooking, cleaning and laundry. She does use the telephone. She watches movies and socializes.

Procedurally this case has had somewhat of a history. Plaintiff applied for Title II and Title XVI benefits on July 16, 2012, alleging an onset date of April 9, 2011. She claimed disability based upon herniated discs, slipped discs and bulging discs. She also alleged wrist problem, numbness in toes and foot, and limited feeling in legs. That's at page 187.

The matter was assigned to Administrative Law Judge Angela Miranda who conducted a hearing on September 12, 2013. The ALJ issued an unfavorable decision on November 27, 2013. The matter became a final determination of the Agency on February 23, 2015 when the Social Security Administration Appeals Council denied plaintiff's application for review.

1          On March 9, 2015 plaintiff filed second
2  applications for Title II and Title XVI benefits, again
3  alleging an onset date of April 9, 2011.  On August 24, 2016,
4  after a proceeding was commenced in this court for judicial
5  review, a determination was issued by Chief Judge Glenn T.
6  Suddaby remanding the matter and vacating the Commissioner's
7  determination.
8          In his remand order Judge Suddaby issued the
9  following directive:  Remand is necessary for the ALJ to
10 recontact Dr. Soults and/or Dr. Tabb to obtain at least one
11 complete medical opinion of plaintiff's physical functional
12 abilities and limitations.  Accordingly, remand is also
13 required for the ALJ to reevaluate plaintiff's RFC, perform a
14 new credibility analysis, reassess whether plaintiff can
15 perform her past relevant work or other existing work in the
16 national economy based upon a fully developed record.  And
17 Judge Suddaby then declined to address the other arguments
18 that were raised in the proceeding.
19         The Social Security Administration Appeals Council
20 subsequently issued a decision on March 28, 2017 vacating the
21 earlier decision and remanding the matter to an
22 Administrative Law Judge for further proceedings consistent
23 with the order of the Court.  That's at page 522 of the
24 Administrative Transcript.  Parenthetically, Judge Suddaby's
25 decision appears at page 496 through 511 of the

1 Administrative Transcript.
2     A hearing was conducted after consolidation of the
3 applications from July 2012 with those from March 2015 by
4 Administrative Law Judge Jennifer Gale Smith on November 30,
5 2017. On March 15, 2018 Judge Smith issued an unfavorable
6 decision. In her decision Judge Smith applied the familiar
7 five-step test for determining disability.
8     After noting that plaintiff was insured through
9 June 30, 2015, she noted first that while plaintiff had some
10 work activity after that date, it did not rise to a level
11 sufficient to constitute substantial gainful activity.
12     At step two ALJ Smith concluded that plaintiff
13 suffers from severe impairments, including status post left
14 L5-S1 microdiscectomy, status post right L5-S1
15 microdiscectomy, history of right carpal tunnel syndrome,
16 history of deQuervain's syndrome of the right wrist,
17 depressive disorder, and substance use disorder.
18     At step three, however, ALJ Smith concluded that
19 plaintiff's conditions did not meet or medically equal any of
20 the listed presumptively disabling conditions, specifically
21 considering listings 1.02, 1.04, 14.09, 11.00 and 14.00.
22     With regard to the mental listings, ALJ Smith
23 considered and found that plaintiff did not meet either the B
24 or the C criteria of the 12.00 series of listings.
25     The ALJ then considered the available medical

1  evidence and concluded that plaintiff retains the residual
2  functional capacity to perform sedentary work with additional
3  limitations, notwithstanding her physical and mental
4  conditions.  Applying the residual functional capacity at
5  step four, ALJ Smith concluded plaintiff is unable to perform
6  her past relevant work.
7        At step five ALJ Smith noted that if plaintiff were
8  capable of performing a full range of sedentary work, a
9  finding of no disability would be compelled by the
10  Medical-Vocational Guidelines, or the Grids, and specifically
11  Grid Rule 201.25.  With the assistance of a vocational
12  expert, ALJ Smith concluded that, despite the additional
13  limitations, plaintiff is still capable of performing work
14  available in the national economy, including as a toy
15  stuffer, table worker and document preparer.  And, therefore,
16  concluded that plaintiff was not disabled at the relevant
17  times.
18        My task is limited, as you know, and must determine
19  whether correct legal principles were applied and the
20  determination is supported by substantial evidence.  It's
21  significant to raise two points.  First, plaintiff was
22  insured only from April 9, 2011, the alleged onset date, to
23  June 30, 2015.
24        Second, I have a great deal of respect for Judge
25  Smith; she is a seasoned Administrative Law Judge.  I note,

however, that the remand order of Judge Suddaby was extremely specific. That order was incorporated by reference into the Social Security Appeals Council's decision which directed that the Administrative Law Judge take the steps specified by Chief Judge Suddaby in his order.

The failure to comply with a directive of the Social Security Administration Appeals Council constitutes legal error. The regulations at specifically 20 CFR Section 404.977 requires that an Administrative Law Judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order.

The cases cited by the plaintiff, including *Ellis versus Colvin*, 29 F.Supp. 3d 288, from the Western District of New York, and *Walls v. Berryhill,* it is found at 2019 WL 1306083, support this view that the failure to comply with the Appeals Council's directive is legal error and grounds for remand.

In this case the error is harmful. Although the ALJ did obtain what purports to be a function-by-function statement of plaintiff's capabilities, and it is clear that Dr. Leong did review a wide range of medical records, nonetheless, there are problems with it. First of all, it is a check-the-box form, which courts have noted is less than desirable and weak in terms of evidence. At each turn where

1  explanation is requested, there is none given.
2           Secondly, this is a non-examining source and, once
3  again, not the equivalent of Dr. Soults, a treating source,
4  or Dr. Tabb who did examine the plaintiff.
5           Third of all, it is extremely unclear to what time
6  period this relates.  And this is especially critical because
7  the period at issue expired June of 2015.  This could very
8  well be construed as opinions concerning plaintiff's RFC in
9  February of 2018 when the opinion was rendered.
10          So for these reasons and I have to say the reasons
11 for refusing to comply with the directives are not
12 persuasive, as counsel indicated.  Although Dr. Soults may
13 have been hesitant the first time around to provide a
14 function-by-function opinion or medical source statement, the
15 ALJ had the ability to subpoena such information.  And
16 Dr. Tabb, the opinion of Dr. Tabb falls within the relevant
17 time period.
18          So I will grant judgment on the pleadings to the
19 plaintiff, remand the matter and vacate the Commissioner's
20 determination.  I'm remanding without a directed finding of
21 disability with a directive that the Administrative Law Judge
22 either contact Dr. Soults and arrange for a medical source
23 statement or, in the alternative, order a consultative
24 examination of the plaintiff.
25                  *               *               *

C E R T I F I C A T I O N

    I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

                        _____
                        EILEEN MCDONOUGH, RPR, CRR
                        Federal Official Court Reporter